## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

CLIFFORD CHUKU                                    CIVIL ACTION

VERSUS                                            NUMBER 10-00413-JVP-DLD

RELIANT TRANSPORTATION GROUP

## ORDER

This matter is before the court on an initial screening of plaintiff's complaint, brought *in forma pauperis* under 28 U.S.C. § 1915A, which provides that a court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Background*

On June 17, 2010, *pro se* plaintiff Clifford Chuku filed a complaint against his former employer, Reliant Transportation Group, complaining of wrongful termination because of race and national origin, and unequal treatment in terms of pay raises.  Plaintiff also alleges that the same individual who terminated him also refused to approved vacation time. Although the complaint is sparse, plaintiff brought this claim under Title VII of the Civil Rights Act.  However, the complaint does not state whether he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Louisiana Commission on Human Rights ("LCHR") regarding his complaints. If plaintiff filed a charge of discrimination, his complaint also did not state whether he received a Right-to-Sue notification before filing his suit in federal court.

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in hiring, promotion, discharge, pay, fringe benefits, job training, classification, referral, and other aspects of employment, on the basis of race, color, religion, sex or national origin.  Before filing a Title VII claim in federal court, plaintiff must first exhaust his administrative remedies by filing a charge with the EEOC <u>within</u> 300[1] days of the complained-of conduct. Additionally, in a Title VII suit, the plaintiff must have received a Right-to-Sue notification before initiating suit in federal court.  Further, although the filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Dao v. Auchan Hypermarket*, 96 F. 3d 787, 789 (5th Cir. 1996).  In the Fifth Circuit, this "precondition" is similar to a statute of limitations, and as such, is subject to equitable modification.  *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981).  The subsequent receipt of a right-to-sue notification cures the previous lack of the notification (the "condition precedent" before filing suit), and is an occasion which requires equitable modification. *Pinkard v. Pullman-Standard, a Div. Of Pullman, Inc.,* 678 F.2d 1211 (5th Cir. 1982)

Plaintiff should therefore be given an opportunity to amend his complaint to cure the defect in the original complaint to demonstrate that he exhausted his administrative remedies before filing suit in federal court.

Accordingly,

**IT IS ORDERED** that, within 30 days of this order, plaintiff shall file an amended complaint, attaching a copy of his  EEOC/LCHR charge of discrimination and a copy of his Right-to-Sue notification, or in the event plaintiff has not filed an EEOC/LCHR charge

---

[1]In a "deferral" state like Louisiana, an aggrieved person has 300 days from the date of the last act of discrimination to file a charge with the EEOC.  42 U.S.C. § 2000e-5(e)(1); *Celestine v. Petroleos deVenezuela SA*, 266 F.3d 343, 351 (5th Cir.2001).  Because Louisiana has a state agency that investigates discrimination claims, plaintiffs may elect to file their charges with the Louisiana Commission on Human Rights, which will either conduct its own investigation, or forward the charges to the EEOC.

and/or has not received a Right-to-Sue notification, he shall indicate same in the amended complaint.

Signed in Baton Rouge, Louisiana, on June 23, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**