UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLIFFORD CHUKU

CIVIL ACTION

10-413-BAJ-SCR

V

RELIANT TRANSPORTATION GROUP

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a motion for summary judgment by the

defendant, Reliant Transportation Group ("Defendant"), pursuant to Federal Rule

of Civil Procedure 56 (doc. 22). Plaintiff, Clifford Chuku ("Plaintiff"), opposed

Defendant's motion (doc. 26). Jurisdiction is based on 28 U.S.C. § 1331.

## BACKGROUND

On June 15, 2009, Plaintiff, a Nigerian-born African-American, was fired

from his employment at the Reliant Transportation Group following an incident

where a client fell from a wheelchair operated by Plaintiff (doc. 1, p. 3).

According to statements made in his deposition, on June 15, 2009, Plaintiff

was driving a wheelchair-bound client to the dentist when, upon turning a corner,

the client fell from the chair which was alleged to be properly secured according

to the Reliant Transportation Group guidelines. Plaintiff asserts that he and the

tech-aid onboard the bus viewed the wheelchair as properly secured before the

incident occurred, and that the possible causes of the accident were either a

technical malfunction or the client's very small body size. Following the incident, Plaintiff submitted to a drug test, and he passed. Plaintiff was fired shortly thereafter. (doc. 22-3, exhibit A, p. 18-21).

Defendant asserts that if the client had been secured in the wheelchair according to Defendant's guidelines, then the accident would not have occurred, and thus, Plaintiff is solely at fault for the client's fall (doc. 22-2, p. 6). Defendant further alleges that because this type of avoidable accident occurred, Plaintiff was rightfully and appropriately terminated according to the Reliant Transportation Group Employee Handbook (*Id.*).

Plaintiff timely filed his claim on June 17, 2010, alleging violations of his civil rights pursuant to 42 U.S.C.A. § 2000e-2; namely, improper removal from his employment because of his race and national origin (doc. 22-2, p. 2). Moreover, Plaintiff further alleges violations of his civil rights in that Defendant refused to approve vacation time, resulting in 100 hours of lost paid time off ("PTO") (*Id.*). In his statement of uncontested material facts, Plaintiff alleges, *inter alia*, that: (1) he unfairly received lesser raises than his equally situated co-workers; (2) he was intentionally discriminated against when given a 5 dollar gift card while other employees received 25 dollar gift cards; (3) that other employees have had similar wheelchair incidents and remained employed by Defendant; and (4) that Defendant systematically and inappropriately denied the use of Plaintiff's PTO, even when other employees were not "off", resulting in a loss of 100 hours of PTO upon his termination (doc. 26-2, p. 1-2).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A) and (B).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The plaintiff, in an employment discrimination case, bears the burden of proving that he has been the victim of intentional discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 508, 113 S.Ct. 2742, 2747-78, 125 L.Ed.2d 407 (1993). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the

material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff, filing a Title VII action, asserts that he was terminated from his employment because of discrimination based upon race and national origin (doc. 1, p. 1). Title VII, 42 U.S.C. § 2000e-2(a), provides in pertinent part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . .

Claims of race discrimination are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804, 92 S.Ct. 1817, 36 L.Ed.2d 688 (1973). To survive summary judgment, plaintiff is required to establish, by a preponderance of the evidence, a *prima facie* case of racial discrimination by showing that: (1) he is a member of a protected group; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) he was replaced by individuals outside the protected class, or that others similarly situated but outside the protected class were treated more favorably. *Decorte v. Jordan*, 497 F.3d 433, 437-38 (5th Cir.

4

2007); *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Upon doing so, the burden shifts to defendant to rebut plaintiff's *prima facie* case by articulating a legitimate, nondiscriminatory reason for its actions. *Decorte*, at 437-38. If defendant meets its burden, it shifts back to plaintiff to show that the proffered reason was a pretext for discrimination. *Id.* However, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

It is undisputed that Plaintiff satisfies the first two elements of the analysis, as he is a Nigerian-born African-American male, and there is nothing in the record that suggests he was not qualified for his position. Indeed, Defendant saw Plaintiff fit for his particular duties for a period of years prior to his termination (doc. 1, p. 2). To satisfy the third element, Plaintiff is required to show that he suffered an adverse employment action. The United States Court of Appeals for the Fifth Circuit has held that "adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). As such, Plaintiff has, at least superficially, satisfied the third element given that the present case would not have been brought had termination of Plaintiff's employment not occurred.

# I. DISCRIMINATION IN COMPENSATION

## a. *Employee Pay Raises*

In the case *sub judice*, Plaintiff contends that he was victim of discrimination in employee pay raises; notably, in comparison to the pay raises of his equally situated colleagues (doc. 1, p. 3). Plaintiff avers that he was given a raise of only 35 cents for years 2008 and 2009, while his co-workers were given raises of 48-50 cents during the same period (doc. 26-1, p. 5). However, Defendant asserts that the pay raises given to Plaintiff and his co-workers were entirely within the pay raise structure of the company (doc. 22-1, p. 6). Defendant further contends, and the Court agrees, that Plaintiff is not averring that his pay rate did not compare to his co-workers, but rather he is arguing that his raise was allegedly *less* than his co-workers (doc. 22-1, p. 5). A lesser pay raise does not preclude fairness and equality, or inherently indicate an adverse employment action, as pursuant to 42 U.S.C.A. § 2000e-2:

> . . . it shall not be an unlawful employment practice for an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment pursuant to a bona fide seniority or merit system . . .

In addition, Defendant has submitted evidence explaining the disparate raise figures for 2008 and 2009, which shows that the raise given to Plaintiff in January of 2009 reflected the raise that he received in August of 2008 (doc. 22-3, p. 31-38). Moreover, Plaintiff's raise was comparable or *greater* than the raises given to his self-specified co-worker group (doc. 22-1, p. 6). Accordingly, the

6

p. 31-38). Moreover, Plaintiff's raise was comparable or *greater* than the raises given to his self-specified co-worker group (doc. 22-1, p. 6). Accordingly, the Court finds that Plaintiff has failed to prove that he was discriminated against in employee pay raises, and, therefore, no genuine issue of material fact exists as to the issue of employee pay raises.

### b. *Employee Gift Cards*

Plaintiff further alleges that he experienced an adverse employment action when Defendant intentionally gave him a 5 dollar gift card instead of the 25 dollar gift cards that his equally situated co-workers received (doc. 26-1, p. 6). However, Defendant avers that if Plaintiff's allegations are correct and he did, indeed, receive a lesser valued gift card, it was simply an error and not the product of planned discrimination (doc. 22-1, p. 7).

Plaintiff has failed to submit any evidence to show that the disparate gift card values were the product of any action besides inadvertence or accident. Additionally, the Court recognizes that gift cards are entirely as they appear: gifts. Most importantly, Plaintiff has offered no case law indicating that gift cards under these specific circumstances are compensation, and, moreover, the Fifth Circuit has yet to rule on the matter. Accordingly, the Court finds that there is no genuine dispute as to whether Plaintiff experienced discrimination in receiving an allegedly lesser valued gift card. As such, Plaintiff suffered no adverse employment action on the issue of compensation.

## II. DENIAL OF PAID TIME OFF

Plaintiff alleges that he was consistently denied his requests for paid time off because of his race and national origin, which would constitute an adverse employment action (doc. 26-1, p. 6). However, Plaintiff is unable to specify a date or provide evidence of a denied request for PTO. The only support that Plaintiff offers for his claim is a personal assertion:

> Tell me who in their right mined [sic] will keep a document in the personnel file of an employee, when he knows that he is breaking the law, and discriminating against that employee?

(doc. 26-1, p. 7). The Court notes that Defendant submitted documentation of Plaintiff's approved PTO. On June 12, 2009, Plaintiff's request for 8 hours of PTO was approved, and, additionally, Plaintiff's request for 40 hours of PTO between July 6 and July 10, 2009, was also granted by Defendant (doc. 22-3, p. 55-56). Moreover, even if Plaintiff were to proffer legitimate evidence of wrongfully denied PTO, he has still failed to submit evidentiary support for discrimination based upon his race or national origin. As set forth by the Fifth Circuit, it is not enough for a plaintiff to merely assert wrongdoing and postulate upon the motives of a defendant's actions. *Roberson v. Alltel Information Services*, 373 F.3d 647, 652 (5th Cir. 2004); *see generally Desert Palace, Inc. v. Costa*, 123 S.Ct. 2148 (2003).

Thus, in the absence of any evidence supporting a claim of adverse employment action with regard to Plaintiff's PTO, the Court finds that there is no dispute as to material fact upon the matter and no adverse employment action.

## III. TERMINATION OF PLAINTIFF'S EMPLOYMENT

Plaintiff avers that he was wrongfully dismissed from his employment because of his race and national origin; citing Defendant's lack of evidence legitimating misconduct and labeling the wheelchair incident as mere pretext for termination (doc. 26-1, p. 11-12). In support of this claim, Plaintiff submits: (1) a written statement from the tech-aid onboard the bus denying any misconduct on Plaintiff's behalf[1] (doc. 26-2, p. 7), and (2) the October 30, 2009, ruling of Administrative Law Judge, David King, finding that Defendant failed to "present a preponderance of evidence to substantiate legal misconduct" (doc. 26-2, p. 14-15).

According to Defendant, Plaintiff was released from employment for misconduct; namely, "his failure to follow Reliant's safety procedures regarding properly securing a client" (doc. 22-1, p. 10). Further, Defendant contends that Plaintiff was justly terminated according to the plain terms of the Reliant Transportation Group Employee Handbook (doc. 22-3, p. 50), which reads in pertinent part:

> Employees who violate safety standards, who cause hazardous or dangerous situations, or who fail to report or, where appropriate, remedy such situations, may be

---

[1] The client's chair "was secured from all angle [sic]." (doc. 26-1, Exhibit B, p. 7).

9

subject to disciplinary action up to and including termination.

The issue before this Court is whether Plaintiff's termination for misconduct was substantiated by a preponderance of evidence from Defendant. According to the policies of Reliant Transportation Group and the Employee Handbook, such a termination would be entirely valid assuming the facts as Defendant asserts them; that is, a client suffering injury from Plaintiff's failure to properly secure the wheelchair on his bus (doc. 22). However, termination for misconduct cannot be validated upon mere speculation or hearsay, but rather, substantive support is required to establish misconduct. *Elfer v. Texas Workforce* Com'n, 169 Fed.Appx. 378, 381 (5th Cir. 2006) (where termination was inappropriate in the absence of evidence to prove employee misconduct); *Gardere v. Brown*, 170 So. 2d 758 (La. App. 1st Cir. 1964).

In the present case, Defendant has offered only the opinion of Plaintiff's supervisor, Mr. Jones, as evidence of misconduct, and further, has wholly ignored the eyewitness account of the tech-aid on board, as well as the testimony of Plaintiff denying misconduct (Ex. J, Affidavit of Jones). The affidavit of Mr. Jones, who was not present for the wheelchair incident, merely asserts that the accident could not have occurred but for the misconduct of Plaintiff. (*Id.*) This Court cannot permit an employer to maintain the roles of judge, jury, and executioner. Such sweeping power diminishes the rights and avenues of recourse for an employee with a legitimate claim of discrimination. Moreover, the

evidence presented by both parties appears to be entirely contradictory and it is not within the purview of this Court to weigh hearsay evidence against eyewitness testimony for superior legitimacy. Had the affidavit of Mr. Jones been submitted as expert testimony, the circumstances of this motion could have possibly been different; however, the statements were entered solely as opinion.

As the circumstances now stand, it is entirely plausible that a reasonable jury could find that Plaintiff did not violate the policies of the Employee Handbook, and thus, his termination was the product of discriminatory impetus. Accordingly, there remains a genuine issue of material fact regarding the cause of the wheelchair incident and Plaintiff's termination from employment.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (doc. 22), is hereby **GRANTED** in part, and **DENIED** in part.

Baton Rouge, Louisiana, July 6, 2012.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA